## Case No. 10,597.

### OSBORNE v. BROOKLYN CITY R. CO.

[5 Blatchf. 366.] [1]

Circuit Court, E. D. New York. Dec. 5, 1866.

JURISDICTION—CITIZENSHIP—ACQUIRING TITLE FOR THE PURPOSE OF SUIT — STREET RAILWAYS — DAMAGE TO ABUTTING LANDOWNER—INDIVIDUAL ACTION.

1. Where a plaintiff has otherwise a right to sue, by virtue of his citizenship, in a court of the United States, it is no objection to the jurisdiction of the court, that he acquired the title on which he sues for the purpose of enabling him to bring the suit.

[Cited in Foote v. Hancock, Case No. 4,911; Blackburn v. Selma, M. & M. R. Co., Id. 1,467; McCall v. Town of Hancock, 10 Fed. 8.]

2. A person who is not the owner of the fee of the land in a street in a city, over which the track of a horse railroad is about to be laid, but is only an abutting proprietor, owning up to the line of the street, must show special damage sustained, or likely to be sustained, by him, differing in kind from that affecting every other lot-owner on the street, in order to support an individual action by himself to restrain the laying of such track.

[Cited in Van Bokelen v. Brooklyn City R. Co., Case No. 16,830. Applied in Currier v. West Side Elevated Patent Ry. Co., Id. 3,-493. Cited in Lorie v. North Chicago City Ry. Co., 32 Fed. 271.]

[Cited in brief in Neitzey v. Baltimore & P. R. Co., 5 D. C. 39.]

In equity. This was a motion to dissolve a provisional injunction. The bill averred that the plaintiff [John H. Osborne] was the owner in the fee of certain lots on Greene avenue, a public street in the city of Brooklyn, and was also owner in fee of the portion of that avenue which extended from the front of his lots to the centre of the street, subject only to the public easement; that the defendants were about laying a city railroad track through said avenue and upon the land of the plaintiff therein, without making compensation to him or other lot-owners; that the laying of such track was without the consent of the majority of the lot-owners and without authority in law; that such use of the street would greatly injure and depreciate the lots upon it; and that the aid of this court, by its writ of injunction, was necessary to prevent irreparable injury. Upon this bill, a temporary injunction was granted restraining the defendants from laying any such track in Greene avenue, with liberty to the defendants to move, on the same or additional papers, to dissolve it. This motion was made on additional papers.

William M. Evarts, John C. Dimmick, and John C. Perry, for plaintiff.

Henry C. Murphy, Grenville T. Jenks, and Charles H. Glover, for defendants.

BENEDICT, District Judge. This case, in its present posture, raises questions different

[1] [Reported by Hon. Samuel Blatchford. District Judge, and here reprinted by permission.]

from those discussed upon the motion for the injunction. The additional papers now read show that the plaintiff derives title to the lots described in the bill from one of the parties to an action lately pending in the supreme court of the state to obtain the same relief here sought, and that the deeds to the plaintiff were executed on the day after a similar injunction was dissolved by the supreme court in that action, and but three or four days previous to the filing of the bill in this court. These deeds, with the others produced, also show that the land conveyed to the plaintiff does not extend to the centre of Greene avenue, but terminates at the side of the street, and, consequently, that the plaintiff is not the owner in fee, or otherwise, of any portion of the land composing Greene avenue, but is simply an abutting proprietor.

Upon these facts, it is insisted on behalf of the defendants, that the motive for the conveyance of the lots to the plaintiff was, manifestly, to transfer to the national courts a controversy commenced in the state court, and that, under such circumstances, this court, notwithstanding the discontinuance of the suit in the state court, should decline to exercise jurisdiction. This objection to the proceedings of the plaintiff is not well taken. The deeds show a legal title conveyed to the plaintiff for a valuable consideration, and it is conceded that he is a citizen of New Jersey. This gives the court jurisdiction. "The jurisdiction flows from the citizenship of the parties. The right to recover flows from the sufficiency of the title, and that is a matter purposely to be discussed upon the trial of the merits." Story, J., in Briggs v. French [Case No. 1,871]. So long as an actual conveyance has been made, it matters not what may have been the motive which led to it; and the national courts do not decline jurisdiction, although it be conceded that the plaintiff has taken title for the purpose of enabling resort to be had to those courts. This precise point was so decided by the supreme court in Smith v. Kernochen, 7 How. [48 U. S.] 198.

But it is further insisted, that, inasmuch as the plaintiff is not shown to be the owner in fee of any land in the avenue and over which the railroad is to run, he cannot maintain the action in the absence of proof of special damage. Such is unquestionably the law. Assuming that the defendants have no legal authority whatever to lay down their track in Greene avenue, their position is that of parties about to erect a public nuisance, which affects the right of every person entitled to use Greene avenue as a street, that is to say of the whole community. They do not propose to enter upon any land of the plaintiff's and the damage occasioned by the road to the plaintiff will not be different, in kind or degree, from that sustained by every other lot-owner upon the avenue. It is damage resulting from the depreciation of the value of lots abutting on the street by reason of a railroad running through it, in front of, but not over, the plaintiff's land. Now, it is well settled, that damage sustained alike by all the individuals of a large class furnishes no foundation for an action on the part of a single individual of the class. Lansing v. Smith, 8 Cow. 146; Davis v. Mayor, etc., 14 N. Y. 506. It was incumbent, therefore, on the plaintiff to show some special damage sustained, or likely to be sustained, by him, differing in kind from that sustained by the neighborhood, to entitle him to ask the interference of the court in his behalf. No such damage is pretended to exist, and its absence is fatal to the plaintiff on this motion.

The question so much discussed, upon the motion for the injunction, whether the grant of the right to lay down and use a railroad track in a public street, for the purpose of transporting passengers about a city in horse cars, is a new burden upon the land on which the rails are laid, for which compensation must be made, appears now to be out of the case, and its discussion is unnecessary here.

For the reasons stated, we are clearly of the opinion that the motion should be granted, and the injunction be dissolved.