## LORIE *v.* NORTH CHICAGO CITY RY. CO. and others.

*(Circuit Court, N. D. Illinois.  May 18. 1887.)*

1. STREETS—RIGHTS OF ABUTTING PROPERTY OWNERS—EASEMENT—OWNERSHIP OF FEE.
    An abutting property owner has no other interest in the streets of Chicago than an easement in common with the public.  The city owns the streets in fee.

2. EMINENT DOMAIN—APPROPRIATION OF PROPERTY—DAMAGES.
    Under Const. Ill. art. 2, § 13, providing that "private property shall not be taken or damaged for public use without just compensation," only damages for injuries caused by an actual appropriation of private property need be paid in advance.

3. STREET RAILROADS—DAMAGES—REMEDY—AT LAW—INJUNCTION.
    *Special* injury to property, resulting from the construction and maintenance of a street railway in front thereof, must be remedied by an action at law for the special damage, and not by an injunction.  For an injury sustained in common with the public at large there is no remedy.

4. PRINCIPAL AND AGENT—REPUDIATING UNAUTHORIZED ACTS—SILENCE—RATIFICATION.
    Silence in not repudiating the unauthorized act of an agent, when such act is brought home to the knowledge of the principal, amounts to a ratification on the part of the principal.

*Allan C. Story, Geo. W. Kretzinger,* and *James K. Edsall,* for complainant.
*Goudy & Green,* for defendants.

GRESHAM, J.   This suit was commenced by Nathan Lorie against the North Chicago Street-Railroad Company, the North Chicago City Railway Company, and other corporations and certain individuals, to enjoin the defendants from constructing and operating a cable railway on Illinois street, between Wells and Clark streets, on Clark street north of Illinois street; and in and through the La Salle street tunnel, in the city of Chicago.   The questions which are now before the court arise upon the complainant's motion for a provisional injunction.   The complainant owns a lot, and the buildings thereon, at the north-west corner of Clark and Illinois streets; his frontage being 50 feet on Clark street, and 80 feet on Illinois street.   It is at this point that the railway passes from one street into the other.

The court should not thus reach out its strong arm unless the facts clearly call for such action.   Even if the right to construct and operate the railway is not clear, the complainant is not entitled to the relief prayed for unless he has been, or will be, disturbed in the enjoyment of his property, for which he has no adequate remedy at law.   The complainant has no other interest or right in the streets, including the tunnel, than an easement in common with the public.   His proprietary right does not extend to the middle of the street.   The city owns the streets in fee.   The complainant's property has not, therefore, been appropriated; nor is it proposed to appropriate any part of it for the use of the North Chicago Street-Railroad Company.   No direct or physical injury can result to the complainant from the construction and operation of the railway

in front of his premises. The constitution of Illinois declares that "private property shall not be taken or damaged for public use without compensation." The damage, however, which the plaintiff will sustain, if any, by the construction and operation of the tracks over the streets in front of his property, will not be a damage, within the meaning of the constitution, for which compensation must be made in advance. The damage contemplated by the constitution is an injury resulting to the owner from an actual appropriation of his private property, and it may be that the taking of part only of a lot or parcel of land will entitle the owner to compensation in advance for the injury resulting thereby to the unappropriated part. *Stetson* v. *Railroad Co.*, 75 Ill. 74.

If the complainant can show that the construction and maintenance of the tracks in front of his premises will result in special injury to him, —not a mere injury which he will sustain in common with the public at large,—his remedy will be at law for the special damage, and not by injunction. *Osborne* v. *Railroad Co.*, 5 Blatchf. 366; *Currier* v. *Railway Co.*, 6 Blatchf. 487; *Railroad Co.* v. *Prudden*, 20 N. J. Eq. 530; *Zabriskie* v. *Railroad Co.*, 13 N. J. Eq. 314; *Hinchman* v. *Railroad Co.*, 17 N. J. Eq. 75; *Chicago* v. *Building Ass'n*, 102 Ill. 379. The evidence fails to show, however, that the complainant's property will be materially injured by the construction and operation of the railway in front of it, or that he will sustain any special damage from the use which it is proposed to make of the tunnel. After it was definitely determined that the tracks should turn from North Clark street into Illinois street, the complainant by his agent, Samuel Glickauf, leased his rooms on the ground floor, and the basement thereunder, to T. T. Conklin & Co. for five years, at an annual rental of $4,200 a year. The lessees desired to occupy this property—so one of the firm swears—because of the supposed advantage it would derive as a business point from the construction and maintenance of the tracks in front of it. It is in evidence in behalf of the defendants, and not denied by the complainant, that this is a better rental than the complainant ever before received for the property. In brief, instead of the evidence showing that the complainant's property will be injured by the maintenance of the tracks in front of it, it shows that its rental value has been increased.

A petition was presented to the common council in June, 1886, praying that the North Chicago Street-Railroad Company be allowed to construct its tracks over and upon Illinois street. With the complainant's name, the petition contained the signatures of the requisite number of property holders, and without his name it did not. So far as the evidence shows, he never, until April 28, 1887, claimed that Glickauf signed his name without authority. In his affidavit made on that day, the complainant stated that he never authorized any one to sign the petition for him; and that he "never heard or knew until quite recently that it was contemplated to construct and maintain, at the corner of Illinois and Clark streets in said city, 36 wheels, 36 inches in diameter, in rows 18 inches beneath the surface of the street." He does not swear in this affidavit that he never knew or heard until recently that his name

had been signed to the petition; and it is fair to infer that he knew what Glickauf had done, and that his objection was not to the construction of the road, but to the wheels being placed under the surface of the street in front of his building.   It is doing the complainant no injustice to say that, if he did not actually authorize his agent to sign his name to the petition, he knew it had been so signed, long before this suit was brought, and by his silence acquiesced in it.   It is significant in this connection that, while Glickauf swears he signed the complainant's name to the petition without authority, he does not swear that he never informed the complainant what he had done.

The evidence does not fairly justify the charge in the bill that the excavations which have been or will be made for the wheels in front of the complainant's building will weaken the foundations, and thereby impair the value of his property.

The motion for a preliminary injunction is denied.